

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:04 CV 457-MU

| | |
|---|---|
| SCOTT D. NAST ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | AMENDED |
| ) | COMPLAINT |
| MECALUX ILLINOIS, INC. and ) | |
| MECALUX USA, INC. ) | |
| ) | |
| Defendants ) | |

The Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure and prior to the filing of responsive pleadings by Defendant Mecalux Illinois, Inc. hereby files this amended complaint and alleges and says:

1) Scott D. Nast (hereinafter also referred to as "Nast") is a citizen and resident of Charlotte, North Carolina.

2) Mecalux Illinois Inc. (hereinafter also referred to as "Mecalux Illinois") is a corporation duly organized and existing under the laws of a state other than North Carolina and does business in North Carolina and sells rack and shelving products.

- 1 -


Case 3:04-cv-00457-GCM   Document 5   Filed 09/15/04   Page 1 of 6

3) Mecalux USA Inc. (hereinafter also referred to as "Mecalux USA") is a corporation duly organized and existing under the laws of a state other than North Carolina and does business in North Carolina and sells rack and shelving products.

4) An original complaint naming Defendant Mecalux Illionois, Inc. was originally filed in Superior Court, Mecklenburg County, North Carolina Civil Action No. 04 CVS 13564 and a Notice of Removal was filed by Defendant on September 3, 2004.

5) In or about February, 2003 Plaintiff Nast was approached by Defendants Mecalux Illinois, Inc and/or Mecalux USA, Inc. (hereinafter also referred collectively as "Mecalux") with an offer for a sales position whereby Nast would leave his current position with a competitor of Mecalux and develop a certain geographic territory on behalf of Mecalux. Nast was informed by Mecalux that Mecalux was completely committed to having Nast develop the assigned territory.

6) Relying upon the assurance that Mecalux was committed to having Nast develop the assigned territory, Nast resigned from his current position and accepted the employment offer from Mecalux. Nast began his employment with Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc.on or about May 12, 2003 and focused his efforts on developing the territory.

7) On or about September 16, 2003, Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc. demanded detailed information regarding distributors, contacts and potential clients in the territory including but not limited to detailed information regarding contacts established prior to employment with Mecalux.

8) Approximately one (1) week after providing the requested information, Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc. informed Nast that it was abandoning its commitment to the territory and terminated the employment of Nast.

9) After terminating the employment of Nast and after stating they were abandoning the territory, Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc.continued to seek and made direct contact with distributors, contacts and/or potential clients in the assigned territory with said direct contact based on information demanded from and provided by Nast.

10) After the termination of Nast, Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc. have made sales of its products in the assigned areas to companies and/or entities identified to them by Nast.

11) Upon information and belief, Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc. falsely represented to Nast as an inducement of employment that they were fully committed to having Nast develop the assigned territory when they were not

fully committed to having Nast develop the assigned territory and/or did not intend to allow Nast to develop the territory and/or made the representation with reckless disregard for its falsity.

12) This false representation by Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc.was reasonably calculated to deceive Nast and/or was made with reckless disregard for its falsity and did in fact, deceive Nast.

13) Nast reasonably relied upon the representation that Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc. intended to allow him to develop the territory and voluntarily left his prior employment position based upon this representation.

14) As a result of Mecalux Illinois, Inc. and/or Mecalux USA, Inc. actions which constitute fraud and/or negligent representation, Nast has been sustained significant damages including loss wages and income, loss of benefits and employment opportunities, future career and livelihood and suffered other damages including mental anguish and distress and loss of enjoyment of life which Defendants are liable in an amount in excess of $10,000.00.

15) That the acts and conduct on the part of the Defendants were willful and wanton and in gross and reckless disregard of the rights of the Plaintiff and as such Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00.

Wherefore the Plaintiff Scott D. Nast prays as follows:

A) That he be awarded damages in an amount in excess of $10,000 for fraud and/or negligent representation against Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc.

B) That he be awarded damages in an amount in excess of $10,000 as punitive damages against Defendants Mecalux Illinois, Inc. and/or Mecalux USA, Inc.

C) That he be awarded interest and reasonable attorney's fees;

D) That all issues of fact be determined by a jury;

E) For such further and other relief as this court deems just and proper.

This the 14th day of September, 2004

Widis & Brooks, PLLC

Howard M. Widis
222 N. Sharon Amity Rd.
Charlotte, NC 28211
(704) 365-0277
N C State Bar No. 8094

## Certificate of Service

I hereby certify that a copy of the foregoing document was served upon the defendant, by depositing a copy of the same in an official depository of the US Post Office, in a postage-paid envelope, addressed to:

John G. McDonald
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
P. O. Box 31247 (28231)
Charlotte, NC 28202
*Attorney for Defendant Mecalux Illinois, Inc.*

This the 14th day of September, 2004.

_____
Howard M. Widis